JOHN W. SHANLEY'S APPEAL FROM PROBATE.

Hartford Dist., Oct. T., 1892. ANDREWS, C. J., CARPENTER, TORRANCE, PRENTICE and ROBINSON, Js.

Upon the question of the competency of a testatrix to make a will, sundry witnesses who had known her personally and had had opportunities to frequently observe her, were asked to state, from what they saw of her, and from their interviews with her, what they should say as to her soundness of mind, and each answered in substance that he considered her of sound mind, that she was a superior business woman, and that he had never noticed any change in her appearance. Held that the testimony was admissible.

While in all cases where a non-expert witness testifies to his opinion in such a case it is important that he should be able to state such facts as will show presumptively that his opinion is well-founded, yet it is not a correct proposition that his opinion is entitled to consideration only so far as the facts stated sustain it.

Where the opinion of the witness is based on his acquaintance with the person and his opportunities for observation, these are facts of a peculiar class, which cannot be reproduced before the jury, but can only be stated, and a full statement of them by the witness is sufficient.

In the present case the question was not merely whether the testatrix was of sound mind when the will was made, but whether after a certain date she had become of unsound mind, as indicated by changes in her appearance and conduct. In such a case the acquaintance of the witness with her before and after that date and his opportunities to see her in the latter period and to observe what changes there were in her conduct and appearance, and to state them if there were any, and if there were none to so state, were facts of the highest significance.

[Argued October 5th—decided November 1st, 1892.]

APPEAL from a probate decree establishing the will of Fanny Shanley; taken to the Superior Court in Litchfield County, and tried to the jury upon the issue of mental soundness of the testatrix, before *Seymour, J.* Verdict sustaining the will, and appeal by the original appellant for error in the rulings and charge of the court. The case is fully stated in the opinion.

*W. R. C. Giddings* and *D. Davenport*, for the appellant.

The court below took the position that the opinion of the witnesses as to the sanity of the testatrix, derived from her undescribed and undetailed appearance, could be stated to the jury and be made the basis of a verdict sustaining the will. We believe that this position is not only unsupported by the authority of this court, but is directly opposed to its decisions, both early and late. In *Morse* v. *The State*, 6 Conn., 9, the county court admitted against objection the testimony of witnesses well acquainted with a person, that they should think, *from his appearance*, that he was a minor between the ages of fourteen and seventeen years. This court decided that this was error. HOSMER, C. J., said:— "The testimony of Oakes and others, I am inclined to think, was inadmissible. It was *opinion* entirely abstracted from fact. Had the witnesses testified to the facts indicative of Van Zandt's age, and accompanied them with their belief or opinion, I should consider the testimony competent." In *Burnham* v. *Sherwood*, 56 Conn., 233, this court said:—

" The real violation of the spirit of the law of evidence in this matter would have been by permission to the witness to state his opinion and withhold the accompanying facts. This court permits an unskilled witness to state to the jury the height and construction of a dam, the size of the stream and all other pertinent facts, and to add his opinion whether the dam was capable of detaining the water suddenly accumulated upon it in a freshet; *also the conduct, appearance and speech of a man*, and add an opinion as to his sanity." See also Swift's Evidence, 111; *Grant* v. *Thompson*, 4 Conn., 209; *Kinne* v. *Kinne*, 9 id., 102; *Porter* v. *Pequonnock Man. Co.*, 17 id., 257; *Dunham's Appeal from Probate*, 27 id., 198; *Sydleman* v. *Beckwith*, 43 id., 13. " The extent to which any of the authorities have carried the rule, even in the ecclesiastical courts of England, is, that after the witness has stated the facts and circumstances, then his conclusion or opinion as to sanity, derived from and resting upon them may be given." *Pelamourges* v. *Clark*, 9 Iowa, 15. See also *Dewitt* v. *Barley*, 9 N. York, 385, 394; *S. C.*, 17 id., 347; *State* v. *Stickley*, 41 Iowa, 237; *Ashcraft* v. *De-Armond*, 44 id., 233; *Parsons* v. *Parsons*, 66 id., 759; *State* v. *Pennyman*, 68 id., 218; *In re Norman's Will*, 72 id., 87; *Rice* v. *Rice*, 50 Mich., 453; *Schlenker* v. *The State*, 9 Nebr., 251; *Wyman* v. *Gould*, 47 Maine, 159; *Bricker* v. *Lightner's Exr.*, 40 Penn. St., 205; *Dickinson* v. *Dickinson*, 61 id., 404; *Shaver* v. *McCarthy*, 110 id., 346; *Clapp* v. *Fullerton*, 34 N. York, 195; *Holcomb* v. *Holcomb*, 95 id., 321; *Paine* v. *Aldrich*, 133 id., 547; *Morse* v. *Crawford*, 17 Verm., 502; *In re Blood's Will*, 62 id., 364; *Doe* v. *Reagan*, 5 Blackf., 217; *Staser* v. *Hogan*, 120 Ind., 207; *Burkhart* v. *Gladish*, 123 id., 345; *Fiscus* v. *Turner*, 125 id., 50; *Clark* v. *The State*, 12 Ohio, 493; *Woodcock* v. *Johnson*, 36 Minn., 217; *Gibson* v. *Gibson*, 9 Yerg., 329; *Garrison* v. *Blanton*, 48 Texas, 301; *Cockrill* v. *Cox*, 65 id., 675. The witnesses in the case at bar were permitted by the court below to withhold from the jury every feature of the appearance of the testatrix and in several instances every detail of her conversations, and yet to give an opinion as to testamentary

capacity. This was erroneous. The incidents and circumstances, the conversations and the declarations, producing the impressions upon the witness's mind, are first to be laid before the jury, and then the witness may be allowed to state the impressions created thereby and dependent thereon.

*G. H. Welch* and *G. E. Terry*, for the appellées.

ANDREWS, C. J. The appellant contested the will of Mrs. Fanny Shanley on the ground that at the date of her will she was not of sound and disposing mind and memory and competent to make a will. The will was made on the 14th day of November, 1874. She died in January, 1891. Upon the trial of the case to the jury the appellant offered evidence tending to show that the testatrix had a severe sickness in the spring of 1874, that at about that time her husband died, and that thereafter she was broken down mentally and physically; that her mental unsoundness was indicated by her appearance and manner; that she was melancholy and exceedingly nervous and irritable. From this evidence the appellant claimed to have proved, and asked the jury to find, that the testatrix at the date of her will was not of sufficient mental capacity to make a will and that she was not of sound and disposing mind and memory.

In reply to this evidence and to the claim of the appellant the appellee offered sundry witnesses, among others Dennis A. Burr, who testified that he knew the testatrix both before and after her husband's death in June, 1874; that after that date he saw her in a business way, it might be once a week or once in two or three weeks or a month, he could not say definitely; and for the year following June, 1874, he should think the business he did with her personally or through her agent would run from $100 to $150 or possibly $200 per month; that he could not state any conversations he had with her in detail nor give the particular dates of them; that he talked about the goods he bought of her and when he sold her anything, about the price, and that the settlements of account had from time to time between

the store, (that is, the store of Burr & Stoughton) and the testatrix, were as a rule made with her personally.

Also Henry A. Welton, who testified that he had known the testatrix both before and after her husband's death; that he saw her within two or three months after that event; that he did not have much conversation with her unless it was his duty to wait on her in the store of Burr & Stoughton, who had five or six clerks of whom he was one; that he saw her once or twice a week for the year following her husband's death, and that she sold goods to Burr & Stoughton to the amount of $200 to $400 per month, and bought some goods of them.

Also Albert Alfred, who testified among other things that he had known the testatrix about fifty years; that he saw her or met her perhaps once a week during the year following the death of her husband; that he used to see her go by his house up to her father's; that he did not know as he had any conversations with her except to say good morning, or good afternoon, and never had any particular business with her.

Levi F. Curtiss was also called, who testified among other things that he had known the testatrix all her life and had lived between her residence at Shanley's Mills and her father's house; that he went to her mill to get meal occasionally after her husband's death, and also saw her pass on the road to her father's and had also seen her at Torrington; and that he had no idea how frequently he had seen her, but had had frequent conversations with her.

Each of these witnesses was asked substantially the same question, that is, to state from what he saw of the testatrix, her appearance, and the interviews had with her, what he should say as to her mental condition—whether or not she was of sound and disposing mind.

In each case the question was objected to by the appellant, but the court admitted it. And each of the witnesses answered in substance that he considered her of sound mind, that she was a superior business woman, and that he had never noticed any change in her appearance.

The precise ground of the objection is, that the opinion of a non-expert witness cannot be given in evidence unless the witness has detailed to the jury the facts and circumstances upon which the opinion is founded, and that these witnesses had not detailed any such facts. We have no occasion to criticise the rule of law invoked by the appellant, but we think he is clearly mistaken in its application. In the recent case of *Sydleman* v. *Beckwith*, 43 Conn., 9, the court had occasion to consider the conditions that should exist in order to render the opinions of non-expert witnesses admissible in evidence. Judge LOOMIS, who spoke for the court, after referring to the various subjects in respect to which the opinions of non-experts have been held admissible, laid down this general rule :—" It is in all cases important, with a view to confirm the opinion, that the witness should be able to state such facts as will show presumptively that his opinion is well-founded. But it is not quite correct to say that the opinion of a witness is entitled to consideration only so far as the facts stated by him sustain the opinion, unless the proposition is understood to include among the facts referred to the acquaintance of the witness with the subject matter and his opportunities for observation. The very basis upon which, as we have seen, this exception to the general rule rests, is that the nature of the subject matter is such that it cannot be reproduced or detailed to the jury precisely as it appeared to the witness at the time."

Applying this rule it is apparent that each of the witnesses to whose testimony objection was made, did detail facts which made his opinion presumptively well-founded. Besides, it must be kept in mind that the question in this case upon which the testimony of these witnesses was to bear, was not the simple one of mental unsoundness, but mental unsoundness beginning at a certain time and indicated by certain changes in the appearance and conduct of the testatrix. As bearing upon this complex question, acquaintance with Mrs. Shanley before and after 1874, opportunities to see her after that date and to observe what changes there were in her conduct and appearance, to state them if

there were any, and if there were none to so state—were facts of the highest significance. They were the very facts upon which a correct opinion could be formed by the witness and by the jury.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.