## Chicago City Railway Company v. William C. Allen.

1. INSTRUCTIONS—*Duplication of.*—A party is not entitled to a second statement to a jury of the same proposition of law.

2. MEASURE OF DAMAGES—*In Action for Personal Injuries.*—The following instruction is a correct statement in regard to the measure of damages in a personal injury case:

"If the jury, under the evidence and instructions of the court, find for the plaintiff, they should assess the plaintiff's damages, and in assessing his damages the plaintiff will be entitled to recover for any pain and anguish which he has suffered, or will hereafter suffer, in consequence of said injury; for any and all damages to his person, permanent or otherwise, occasioned by said injury; for loss of time if any be proved, occasioned by said injury; and generally, the plaintiff will, if the jury find the defendant guilty, be entitled to recover all damages alleged in the declaration, which they may believe from the evidence he has sustained by reason of said injury."

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

WILLIAM J. HYNES, attorney for appellant.

CASE & HOGAN, attorneys for appellee; WILLIAM P. BLACK, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for injury he alleged he sustained by being thrown down by the sudden starting of a car upon which he was stepping. Upon the conflicting evidence, the verdict of the jury settles that part of the case in his favor. One of the witnesses of appellee testified that he was voting at a primary election, at the corner of Cottage Grove avenue and 32d street; another, that the primary was held at the same place as the general election; and then the appellant offered to show in which of several precincts was the corner of 32d street and South Park avenue.

What was the pertinency of any corner of South Park avenue, does not appear.

The appellant complains of an instruction as misleading, which reads as follows:

"If the jury, under the evidence and instructions of the court, find for the plaintiff, they should assess the plaintiff's damages, and in assessing his damages the plaintiff will be entitled to recover for any pain and anguish which he has suffered, or will hereafter suffer, in consequence of said injury, for any and all damages to his person, permanent or otherwise, occasioned by said injury; and generally, the plaintiff will, if the jury find the defendant guilty, be entitled to recover all damages alleged in the declaration, which they may believe from the evidence he has sustained by reason of said injury."

The particular manner in which it is alleged that the instruction is misleading, is that on the trial the appellant endeavored to establish that a hernia, and other ailments from which the appellee suffered, were old, and not in consequence of the negligence by the appellant of which he complained; and also that the instruction assumes the pain, etc.

The most careless reading of the instruction could never extend its meaning to anything beyond what the jury might "believe from the evidence" to be the consequences of the alleged negligence.

At the request of the appellant, the court gave an instruction, No. 13, as follows:

"If the jury believe from the evidence that any witness has willfully and knowingly sworn falsely to any material point in the case, they have the right to reject the entire testimony of such witness or witnesses in matters where their testimony is not corroborated by other witnesses whom they believe to be credible, or facts and circumstances appearing in evidence."

The appellant also requested and the court refused one, No. 17, as follows:

"The jury are instructed that it is a principle of law that if you believe from the evidence any witness has willfully and knowingly sworn falsely to any material element in the case, or any witness has willfully and knowingly exaggerated any facts or circumstances for the purpose of deceiving, misleading or imposing upon the jury, either as to the origin of the plaintiff's ailments, so far as from all the evidence you believe they exist, or as to the nature or extent of the injury, then the jury have a right to reject the entire testimony of such witness unless corroborated by other evidence which they believe, or by facts and circumstances that appear in the case."

Now No. 13 includes in general terms all that is specially mentioned in No. 17, and, except as to such special matter, No. 17 is but a substantial repetition of No. 13. A party is not entitled to a second statement to a jury of the same proposition of law. Chicago City Ry. v. Van Vleck, 143 Ill. 480.

Had the special matter been made the sole subject of an independent instruction, a question not now to be considered, would have been presented.

The affidavits of new evidence do not call for any comment.

There is no error in the record. There is enough evidence, if true, to justify the verdict, and it is a legal presumption that the jury impartially considered the evidence on both sides.

The judgment is affirmed.