ELIZABETH SPENCER'S APPEAL FROM PROBATE.

Third Judicial District, New Haven, January Term, 1905.
BALDWIN, HAMERSLEY, HALL, PRENTICE and ROBINSON, Js.

The fact that a will cannot be found where the testator formerly kept it, or elsewhere, raises a *prima facie* presumption of its revocation.

To prevent this, evidence is admissible to show that *after* the execution of the will the relations of the testator to his testamentary beneficiaries on the one hand and his heirs at law on the other were such as to make it improbable that he would wish to change the disposition which he had made of his property by such will.

But evidence that such relations existed *before* the will was made is relevant only in rebuttal of testimony by the heirs at law tending to show that the testator had always been on affectionate terms with them. If not offered then, its exclusion in chief constitutes no ground for a new trial.

Where evidence inadmissible in chief becomes relevant upon rebuttal, it will be presumed on appeal that it was again offered and admitted, if the record shows nothing to the contrary.

Upon the issue whether a will had been revoked by its intentional destruction by the testator, not only his declarations accompanying the act of destruction may be received, but those preceding it, if not too remote in time.

A declaration evincive of an existing feeling upon the part of the declarant is admissible to prove such feeling as a fact.

Proof of such feeling may warrant an inference that the person acted in harmony therewith.

A general objection to, or motion to strike out, declarations some of which are admissible and others not, is insufficient.

A declaration by an alleged testator, to the effect that he had made a will in favor of his wife to keep her quiet, is merely narrative of a past act and therefore inadmissible. But his statement, made at the same time, that she would not get all his property is admissible as evidence of his then-existing intent not to die leaving a will in her sole favor.

It is within the discretionary power of a trial judge to allow a witness to state his impression, where the facts or conditions giving rise to it are either so numerous or so evanescent in character that it seems unlikely they can be fully set before the trier.

Argued January 31st—decided March 9th, 1905.

APPEAL from the refusal of the Court of Probate for the district of Huntington to admit to probate a paper propounded as a copy of the last will of Zachariah Spencer of Huntington, deceased, taken to the Superior Court in Fairfield County and tried to the jury before *Roraback, J.;* verdict and judgment confirming the action of the probate court, and appeal by Elizabeth Spencer, widow of the decedent. *No error.*

*Robert L. Munger,* for the appellant (Elizabeth Spencer).

*William H. Williams* and *George W. Klett,* for the appellees (the heirs at law).

BALDWIN, J. On the trial of this cause evidence was offered by the appellant tending to prove these facts: She was married to the decedent in 1867, and they lived together till his death in October, 1901. In January, 1891, at his suggestion, each made a will in favor of the other as the sole beneficiary. He kept both wills until 1896, when,

at her request, hers was delivered to her. After January, 1891, they occupied separate rooms. In the fall of 1900 she saw his will on a table at which he was sitting. She never revoked her will, and he never told her that he had revoked his or had any intention to revoke it; but it was not found upon his death in the box in which he formerly kept it, or elsewhere. He left two brothers, a sister, niece and two grandnieces.

In putting in her case in chief, the appellant also offered evidence to prove that both before and after the making of the will the relations between her husband and his next of kin were not affectionate, but those between him and her were always such. The court ruled that, at that stage of the trial, relations of this kind after the making of the will only could be shown; excluding the testimony as to those previously existing, but admitting that as to those at a later date. Reasons had been filed by the appellees for opposing the probate of the paper propounded by the appellant as a copy of her husband's will. Of these all but one, namely, that the will, of which the paper propounded was a copy, had been revoked, were abandoned.

The evidence introduced by the appellant would have established a *prima facie* presumption that there had been a revocation, had she not shown that after the execution of his will his relations to her on the one hand and to his next of kin on the other were such as to make it improbable that he would wish to change the testamentary disposition which he had made of his property. *Patten* v. *Poulton,* 1 Swab. & Trist. 55. This was enough to prevent the raising of such a presumption. The evidence excluded was not needed for that purpose. The appellees had alleged a revocation, and it remained for them to prove it. The ruling complained of was simply one as to the order of proof. The appellant offered the excluded testimony to prove, not the execution of the will in 1891, but the improbability of its revocation nine or ten years later. The appellees subsequently introduced evidence that affectionate relations between them and Zachariah Spencer had always existed. This clearly opened

the door for a renewal by way of rebuttal of the appellant's offer to show what these relations were before 1891. If it was renewed, it may be presumed that the evidence was received; for the record shows nothing to the contrary. If it was not renewed, the appellant cannot now insist on what, at the trial, she failed to claim at a time when it would have been plainly relevant and material.

In putting in her case she also offered evidence that before January 6th, 1891, her husband had told her that he meant to leave nothing to his own relatives. She did not state why she claimed it, and as the ruling of the court was the same, it may be presumed that the court supposed that it was called to pass upon a similar claim to that previously made. If, therefore, it would have been proper to admit it as tending to disprove a revocation, its exclusion constitutes no ground for a new trial, in the absence of anything to show that it was again offered in rebuttal.

A witness produced in behalf of the appellees testified that Mr. Spencer, on the day before he died, stated that he had made a will years before, but was never satisfied with it; that he had therefore burned it up; that he wanted his sister and brothers and niece to have some of his property; and that he meant to die without a will.

No objection was interposed until the whole story had been told, when a motion was made to strike out all the evidence as to these statements as being improper and irrelevant. Error is assigned upon the denial of this motion.

The statements in question were of two kinds. Some were narrative of past events : others were expressions of a past feeling, or of a motive leading to a past act, or of an intention as to future acts. It was within Mr. Spencer's power to die testate or intestate. A man's intention can be inferred from his conduct : he can also state it in words. In the latter case, the statement may be received against him in any legal proceeding to which he is a party, in which it tends to explain his subsequent action or inaction. If his intention in doing a particular act becomes material in a controversy arising after his death, proof of his declarations

Spencer's Appeal.

accompanying and explaining the act would plainly be admissible.  They would be themselves acts; none the less so because acts of speech; and a part of an entire transaction. In cases turning upon a claim that a will has been revoked by its intentional destruction by the testator, not only declarations accompanying the act of destruction may be received, but those preceding it, if not too remote in time. The latter tend to show the state of his mind when he made them, and therefore justify an inference as to what it was, when he afterwards did the act.  3 Wigm. on Ev. § 1737. Mr. Spencer's remark that he wanted his sister and brothers and niece to have some of his property was the statement of a feeling on his part, existing at the time of the declaration, which would naturally lead him to wish either to leave no will, or to leave one in which some provision was made for them.  As such, it was proper evidence of the fact that, when it was made, he had such a feeling.  *Vivian's Appeal*, 74 Conn. 257, 261.  To show that he had it on that day furnished some ground for an inference that he had it the next day, when he died, and also that he had had it for some time previously.  If the jury thought proper to draw such an inference, they would naturally and might properly conclude that one entertaining such feelings to the end of his life was not likely to die leaving a will which would send his entire property to his widow.  *Canada's Appeal*, 47 Conn. 450, 462.

The motion to strike out all the testimony as to Mr. Spencer's declarations was therefore properly denied.  One of the declarations being admissible, it is unnecessary to inquire whether the others could properly have been received, had they been made the subject of separate objections.  *Fitch* v. *Woodruff & Beach Iron Works*, 29 Conn. 82, 91.

A similar disposition must, under our rules of practice, be made of the next exception taken.

A brother of the decedent having testified that he had conversed with him a few months before his decease, in reference to his will, was asked what was said.  A general ob-

jection to this question having been properly overruled (since what was said might have been the declaration of an existing feeling or intent, which would be relevant to the issue), he proceeded to say that the decedent told him that he made a will in favor of his wife to keep her quiet, and that she would not get all his property. The former declaration was inadmissible. *Vivian's Appeal*, 74 Conn. 257, 260. The latter declaration it was proper to receive as evidence of his then-existing intent not to die leaving a will in her sole favor. 3 Wigm. on Ev. § 1735. The objection taken was a single one as to both, and overruling it is not, therefore, well assigned as error.

The same witness was asked how Mr. Spencer, on the occasion in question, spoke of his brother Henry, "whether affectionately or otherwise." This question was allowed, notwithstanding the objection that it called for a conclusion, and not for the language used or any fact. The answer was "Affectionately."

Affection may be expressed by acts or words. When expressed by words, the force of the expression may depend less upon the words used than upon the connection in which they were used or the manner in which they were uttered. If, for instance, the remark made as to Henry Spencer had been, "He is a brother," it might have indicated one thing, had emphasis, apparently coming from deep feeling, been laid in pronunciation upon "is," and quite another had it been scornfully thrown upon "brother." Shades of meaning of such a character can seldom be brought out by a mere narration of the language of a conversation. The precise words which were employed have generally faded from the memory. The impression which they gave may remain, and it is the impression justly to be derived from them which is material. If the facts and conditions giving rise to the impression were either so numerous or so evanescent in character that it seems unlikely that they can be fully set before a jury, it is fully within the discretionary powers of a trial judge to allow a witness to state his impression; leaving it to cross-examination to elicit the particular

grounds for it, should it afterwards be thought worth while to make such an inquiry. *Sydleman* v. *Beckwith*, 43 Conn. 9, 12.

There is no error.

In this opinion the other judges concurred.