ANDREW HARCHUCK ET AL. *v*. ESTATE OF
JOHN HARCHUCK

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 81142

Memorandum filed May 2, 1952.

*Edward W. McPadden* and *George A. Saden,* of Bridgeport, for the Plaintiffs.

*Philip Reich, Herbert J. Bundock, Albert J. Merritt* and *Goldstein & Peck,* all of Bridgeport, for the Defendant.

MURPHY, J. In 1945, the decedent made and executed a will which was left in the custody of the attorney who drafted it. It remained in his possession until offered for probate.

While confined to a hospital in 1949, the decedent executed an instrument in this language:

"At. Stratford, Connecticut, Dated March 25, 1949. "I, John George Harchuck here by revoke any wills or codicils which I have here to fore made.

"Signed John G. Harchuck

"Witnessed
Ida M. Weisheit
Alice I. Schorndorf"

The only question presented for determination upon this appeal is whether the writing is sufficient to constitute a revocation of the will.

The plaintiffs claim that the instrument, in order to effectively revoke the will, should have been executed in accordance with the statute providing for the execution of wills, which would have required three witnesses. General Statutes § 6951. That part of § 6956 applying to express revocation of wills reads: "No will or codicil shall be revoked in any other manner except by burning, cancelling, tearing or obliterating it by the testator or by some person in his presense by his direction, or by a later will or codicil." Cancel means annul, abolish, revoke, abrogate, repeal, make void, set aside. Webster's New International Dictionary.

The only Connecticut case which is at all in point is *Miles' Appeal,* 68 Conn. 237. In that case portions of the will were lined out and the court held that it did not constitute a revocation of those parts through which the lines were drawn but rather a substitution, a reconstruction rather than a destruction. However, the opinion stated on page 245: "If a case

arises which is simply and purely one of revocation, § 538 [providing how wills must be executed] will not apply. But if such revocation involves alterations, it certainly must apply."

It must be held that an instrument revoking a will need not be executed with the formalities called for in § 6951. But it must, however, appear that the act of cancellation be done with the intent to revoke. "No act of . . . cancellation destroys a will unless it be done with the intention of revoking it." *Strong's Appeal,* 79 Conn. 123, 125. The question of revocation is altogether a matter of intent. *Giddings* v. *Giddings,* 65 Conn. 149, 157.

The writing definitely expressed the decedent's intent. It was in proper form to accomplish the revocation. The Court of Probate was not in error. The appeal is dismissed.