ANDREW HARCHUCK ET AL. *v.* J. LEO CAMPANA,
ADMINISTRATOR (ESTATE OF JOHN G. HARCHUCK)

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 3—decided March 3, 1953

*George A. Saden,* with whom, on the brief, was *Edward W. McPadden,* for the appellants (plaintiffs).

No appearance for the appellee (defendant).

BROWN, C. J. This is an appeal by the plaintiffs from a judgment of the Superior Court in Fairfield County dismissing their appeal from a decree of the Probate Court for the district of Stratford granting letters of administration on the estate of John G. Harchuck to the defendant. The plaintiffs, claiming to be the executors and sole beneficiaries under the last will of the decedent, executed August 24, 1945, offered it for probate. The Probate Court ruled that the will had been canceled by a subsequent writing signed by the decedent and granted letters of administration to the defendant. From this decision disallowing the will the plaintiffs appealed to the Superior Court, which affirmed the Probate Court's decision. The question for determination is whether under § 6956 of the General Statutes the writing referred to constituted a valid revocation of the will.

The trial court found these further undisputed facts: John G. Harchuck died on July 21, 1949, leaving an estate and eight surviving children, two sons and six daughters. On August 24, 1945, he had executed a will leaving all of his property to his two sons, the plaintiffs, and naming them executors of the will. On March 25, 1949, while ill in Bridgeport Hospital, he signed a paper bearing that date which read: "I, John George Harchuck here by revoke any wills or codicils which I have here to fore made." The paper also bore the signatures of two witnesses. On July 29, 1949, the day before the plaintiffs filed their application for the probating of the will, one

of the decedent's other heirs, in an application to the court, stated that the decedent had left no will and asked that she be appointed administratrix of the estate. Upon the foregoing facts, the Superior Court concluded that the writing of March 25, 1949, "cancelled the will of the decedent" of August 24, 1945, and ordered the plaintiffs' appeal dismissed. The quoted words from the court's conclusion, as well as the statements in its memorandum of decision, make clear that it decided that the writing of March 25, 1949, constituted a "cancelling" of the will within the terms of § 6956 of the General Statutes.

Section 6956 specifies that marriage of the testator or his acquisition of a child by birth or adoption, after the making of a will which fails to provide therefor, operates as a revocation of the will. Then follows the provision which is material upon this appeal: "No will or codicil shall be revoked in any other manner except by burning, cancelling, tearing or obliterating it by the testator or by some person in his presence by his direction, or by a later will or codicil." By its memorandum the court adopted a broad dictionary definition of canceling as meaning abrogating, repealing, making void, or setting aside. It then rested its decision on these two sentences in an opinion of this court: "If a case arises which is simply and purely one of revocation [the statute providing how wills must be executed] will not apply. But if such revocation involves alteration, it certainly must apply." *Miles's Appeal*, 68 Conn. 237, 245, 36 A. 39. In that case the question was whether the crossing out of certain words in the will itself effected a partial revocation, and no question of revocation by a separate writing was involved. The language quoted was used in pointing out that, if the canceling of the words effected simply and purely a

revocation, the statute providing how wills must be executed would not apply, but that, if such revocation involved an alteration in the will, the statute must apply. Considered in its proper context, the first sentence quoted is correct. It is no authority for the decision in the case at bar. The trial court relied on the separate writing to sustain its conclusion that the will was canceled. *Miles's Appeal* was concerned with a physical cancellation of words written in the will itself. The two methods are separate and distinct, as is noted below. The court was also mistaken in assuming that the subsequent separate writing could constitute a "cancelling" within the meaning of § 6956.

There are two essentials to the revocation of a will under the portion of § 6956 which we have quoted. The first is an intent in the testator to revoke. *Giddings* v. *Giddings,* 65 Conn. 149, 157, 32 A. 334; *Strong's Appeal,* 79 Conn. 123, 125, 63 A. 1089. The second is an act done as prescribed by the statute, giving expression to that intent. 1 Page, Wills (Lifetime Ed.) § 445. To effect a revocation there must be a concurrence of the act and the intent. Thompson, Wills (3d Ed.) § 155. Prior to 1821 there was no statute in Connecticut stating what must be done to revoke a will. Accordingly, a will could be revoked by parol. *Card* v. *Grinman,* 5 Conn. 164, 167. At common law any act or declaration of the testator which evinced an intent to revoke a will was effective. The rule was conducive to perjury in attempts to defeat valid wills by fabricating evidence of the testator's declarations. 57 Am. Jur. 321, § 457. This led to the adoption of statutes in England and, subsequently, in this country to meet the situation. The first enactment in Connecticut was Statutes, 1821, p. 200, § 6. It was in substance identical with the

part of § 6956 which we have quoted except that it was restricted to a "devise of real estate." The language of the provision was changed to its present form in General Statutes, Rev. 1875, p. 370, § 7. "When the legislature, by the exclusive and prohibitory terms of the Act of 1821, put into statutory form the law of Connecticut relating to the revocation of wills, it abolished by omission the privilege of revoking wills by word of mouth or by any other writing except a will or codicil, but it retained the other provisions of the statute of frauds, and expressed them in the identical words of that statute; namely, that 'no devise of real estate shall be revoked otherwise than by burning, cancelling or obliterating . . . or by some other will or codicil in writing.' " *Whitehill* v. *Halbing,* 98 Conn. 21, 27, 118 A. 454. This statutory history indicates why § 6956 is "mandatory and must be strictly pursued, regardless of the testator's intention." Thompson, op. cit., § 152.

Under the statute there are two kinds of revocation. The first is by one of the acts specified in the statute which is manifest on the face of the will. 1 Page, op. cit., § 426. To constitute revocation by this method, "there must be some evidence appearing on the face of the will of such destructive acts as the statute prescribes, such as burning, tearing, canceling, obliteration, or destruction. The mere intent to perform some one or more of the acts required is insufficient." Thompson, op. cit., § 154. Thus, cancellation as a mode of revocation under the statute "means revocation by any act done to the paper which, in common understanding, is regarded as cancellation when done to any other instrument." Id., § 158. "Undoubtedly it must be an act done to the will itself, and it must be done *animo cancellandi.*" *Evans's Appeal,* 58 Pa. 238, 244. It means doing an

act specified by the statute to the will itself, with the intention of revoking it. *Ladd's Will,* 60 Wis. 187, 190, 18 N.W. 734. The second kind of revocation is by a later instrument. "[A] will can be revoked by a later instrument only if such later instrument is executed in accordance with the local statute which regulates the execution of the will." 1 Page, op. cit., p. 819; 57 Am. Jur. 328, § 471.

When the undisputed facts are tested by the legal principle recited above, it is manifest that there was no "cancelling" of the will within the meaning of § 6956, as suggested by the trial court, but rather an attempted revocation by the testator's subsequent writing of March 25, 1949. Since there were but two instead of three who subscribed as witnesses to this writing, it failed to meet the requirements for the due execution of a will or a codicil under § 6951. As is determined by the principles we have stated, the writing could not, and it did not, constitute an effective revocation of the will pursuant to § 6956. The court therefore erred in holding that it did and in failing to sustain the plaintiffs' appeal.

There is error, the judgment is set aside and the case is remanded with direction to return it to the Probate Court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.