PETER J. PATRICK *v.* MARY BEDRICK ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued May 13—decision released July 8, 1975

*John B. Willard,* for the appellant (plaintiff).

*William A. Leone,* with whom, on the brief, was *Samuel H. Teller,* for the appellees (defendants).

PER CURIAM. This action is an appeal from the court's dismissal of the plaintiff's appeal from probate. The plaintiff has chosen not to submit a request for finding and draft finding but claims errors apparent on the face of the record.

The decree allowing the appeal from probate indicates that the decedent, Julius J. Patrick, died on December 20, 1972. A hearing was held in the East Hartford Probate Court, and the admission of a conformed copy of the decedent's will was denied as the proponent failed to sustain the burden of proof necessary to prove the loss of the original will and to counteract the presumption of its revocation. The reasons for appeal allege that a will was executed on October 24, 1967; that the executor named in the will made a thorough and diligent effort to locate the will; that in the absence of a

signature copy after a diligent and unsuccessful search, a conformed copy was the best evidence of the missing will; and that the Probate Court erred in placing upon the proponent of the will the burden of proof of loss, in not placing upon the contestants the burden of proof for any presumption of revocation, and in finding revocation other than as provided in General Statutes § 45-162. The defendants denied all allegations of the plaintiff's reasons for appeal.

The judgment of the trial court dismissed the appeal. As there is no finding by the court, the record fails to indicate what facts the court found. The memorandum of decision is not part of the record and cannot be consulted to support any factual issue. *Martin* v. *Connecticut Personnel Commissioner,* 167 Conn. 377, 378, 355 A.2d 256; *E. M. J. Corporation* v. *Zoning Board of Appeals,* 154 Conn. 667, 668, 228 A.2d 500; *Putterman* v. *Miller,* 133 Conn. 70, 73, 48 A.2d 235.

The only issues that may be reviewed from the face of the record are whether, in an action brought to admit to probate a conformed copy of a will where the original cannot be found, the contestant must allege and prove revocation, and whether § 45-162 of the General Statutes supersedes and abrogates the common-law rule that a will that cannot be found after the death of the maker is presumed to have been revoked.

This state has followed the common-law doctrine that if a will cannot be found after the death of the maker, a prima facie rebuttable presumption arises that the maker destroyed his will with intent to revoke. *Spencer's Appeal,* 77 Conn. 638, 640,

60 A. 289; *In the Matter of Johnson's Will*, 40 Conn. 587, 588. This is also the general rule nationwide. Annot., 3 A.L.R.2d 949, 952. The burden of proving revocation generally rests upon the contestant; *Berkeley* v. *Berkeley*, 152 Conn. 398, 402, 207 A.2d 579; *Fitzpatrick* v. *Cullinan*, 87 Conn. 579, 584, 89 A. 92; except in cases of lost wills where the presumption of revocation is involved. *Spencer's Appeal*, supra; *In the Matter of Johnson's Will*, supra; 2 Locke & Kohn, Conn. Probate Practice § 307. The burden is always on the proponent to prove a will for probate, and once the proponent offers evidence that the original cannot be located the presumption of revocation arises. Once this presumption is established, the burden is then upon the proponent to rebut the presumption by "clear and satisfactory proof." *In the Matter of Johnson's Will*, supra, 588.

The plaintiff further claims that § 45-162 of the General Statutes supersedes and abrogates the aforementioned common-law presumption. The statute, which was in force at the time *Spencer's Appeal* was decided, specifies those acts which will legally revoke a valid will. See *Harchuck* v. *Campana*, 139 Conn. 549, 95 A.2d 566. The statute and the presumption are compatible in that the statute lists the acts that are necessary for legal revocation and the presumption, which is rebuttable, presumes legal revocation. One is not inconsistent with the other.

There is no error.