CARPENTER, PARDEE, AND LOOMIS, JS.

---

## HENRY D. SYDLEMAN *vs.* ELIPHALET BECKWITH.

A witness who testifies from personal knowledge of the facts upon which his opinion is founded, may be asked (the disposition of a horse being the matter in question)—"From your knowledge of the horse was ·he in your opinion a safe and kind horse ?"

To render opinions of common witnesses admissible it is indispensable that they be founded on their own personal observation and not on the testimony of others or any hypothetical statement of facts, as is permitted in the case of experts.

It is important in all cases that the witness, with a view to confirm his opinion, should be able to state such facts as will show presumptively that the opinion is well founded.

But the consideration to which the opinion is entitled is not necessarily limited to the degree of support which it seems to receive from the particular facts stated by the witness. The basis of the rule which admits the opinions of witnesses in such cases is, the difficulty of stating the facts in detail to the jury in such a manner that they shall produce the same impression upon their minds that they have legitimately produced upon the minds of the witnesses.

TRESPASS ON THE CASE for fraud in the sale of a horse; brought to the Superior Court in New London County, and tried to the jury on the general issue before *Foster, J.*

On the trial the plaintiff offered evidence to prove, and claimed that he had proved, that the horse sold by the defendant was not safe, kind, and gentle. In the course of this evidence the counsel for the plaintiff asked the plaintiff and certain other witnesses the following question, after the witnesses had testified particularly to their knowledge of facts, and of the conduct of the horse on various occasions: "From your knowledge of the horse, was he in your opinion a safe, kind horse?" To the admission of this evidence the counsel for the defendant objected, but the court overruled the objection and admitted the evidence; the court at the same time instructing the jury that such evidence was admissible only in connection with the facts sworn to by each witness, and was entitled to consideration only so far as those facts sustained the opinion. Other evidence in support of the various allegations in the declaration was offered by the plaintiff, which, with the testimony offered by the defendant, was submitted to the jury, who returned a verdict for the plaintiff.

The defendant moved for a new trial for error in the admission of the evidence objected to.

*J. T. Wait* and *S. T. Holbrook*, in support of the motion.

1. The only cases in which the opinions of witnesses are admitted in evidence, are those where the nature of the question at issue is such that the jury are incompetent to draw their own conclusions from the facts without the aid of persons whose skill and knowledge are superior to their own. Note to *Carter v. Boehm*, 1 Smith Lead. Cas. (H. & W. ed.), 644; 1 Stark. Ev., 172; 1 Greenl. Ev., § 440, note 2; *Jefferson Ins. Co. v. Cotheal*, 7 Wend., 72; *Lamoure v. Caryl*, 4 Denio, 373; *De Witt v. Barly*, 17 N. York, 342; *N. Eng. Glass Co. v. Lovell*, 7 Cush., 321; *Rochester v. Chester*, 3 N. Hamp., 364; *Porter v. Pequonnoc Manf. Co.*, 17 Conn., 257.

2. The jury are as competent as the witnesses to draw

their own conclusions from the facts given in evidence that a horse is in the habit of shying, halting, dodging and running away.

3.  The Supreme Court of this state has repeatedly recognized the well established rule that the opinions of witnesses are not evidence.  It is true that to this general rule there are several exceptions, but the case at bar is not embraced among them.

*S. Lucas*, with whom was *S. S. Thresher*, contra, cited *Grant* v. *Thompson*, 4 Conn., 203; *Morse* v. *The State*, 6 id., 13; *Porter* v. *Pequonnoc Manuf. Co.*, 17 id., 255, 257; *Kearney* v. *Farrell*, 28 id., 319; *Commonwealth* v. *Dorsey*, 103 Mass., 419, 420.

LOOMIS, J.  On the trial of this case the plaintiff, to prove that the horse sold him by the defendant was not safe, kind and gentle, as it was warranted to be, offered certain witnesses, who, after they had testified particularly to their knowledge of facts and of the conduct of the horse on various occasions, were asked this question:—" From your knowledge of the horse was he in your opinion a safe, kind horse ?"  The counsel for the defendant objected to this question, but the court admitted the evidence in connection with the facts. Was this ruling correct?

The general rule is that witnesses must state facts and not their individual opinions, but there are exceptions to this rule as well established as the rule itself.  Besides the case of experts where the subject matter requires special study, skill and experience, the opinions of common observers in regard to common appearances, facts and conditions have been received as evidence in a great variety of cases.

Thus, such opinions have been received in questions of identity as applied to persons, animals, handwriting, and sounds, and in estimating the size, weight, distance and color of objects.  *State* v. *Shinborn*, 46 N. Hamp., 497.  Also to show the direction of force as evidenced by its effects.  *Steamboat Clipper* v. *Logan*, 18 Ohio, 375.  That certain blood

stains came from below upward. *Commonwealth* v. *Sturtivant*, 117 Mass., 122. That certain foot-prints corresponded with certain boots. *Commonwealth* v. *Pope*, 103 Mass., 440. That certain hairs were human. *Commonwealth* v. *Dorsey*, 103 Mass., 412. That a place in a highway was bad and dangerous. *Lund & wife* v. *Inhabitants of Tyngsborough*, 9 Cush., 36. That a highway or bridge is safe. ELLSWORTH, J., in *Dunham's Appeal from Probate*, 27 Conn., 198. That a heap of stones in a highway was an object calculated to frighten horses of ordinary gentleness. *Clinton* v. *Howard*, 42 Conn., 294. That effluvia from a certain privy and pig-sty necessarily rendered the plaintiff's house uncomfortable as a place of abode. *Kearney* v. *Farrell*, 28 Conn., 319. That a certain dam was sufficient to withstand the force of a certain stream of water. *Porter* v. *Pequonoc Manufacturing Co.*, 17 Conn., 253. That a person was intoxicated. *People* v. *Eastwood*, 14 N. York, 562. That one appeared sad. *Culver* v. *Dwight*, 6 Gray, 444. That a person was of a certain age. *De Witt* v. *Baily*, 17 N. York, 344; *Morse* v. *State*, 6 Conn., 9. That one is sane or insane. *Grant* v. *Thompson*, 4 Conn., 209; *Kinne* v. *Kinne*, 9 Conn., 103; *Dunham's Appeal from Probate*, 27 Conn., 192. That a person evinced a change in intelligence or a want of coherence in remarks. *Barker* v. *Comins*, 110 Mass., 477; *Nash* v. *Hunt*, 116 Mass., 237. That persons appeared attached to each other. *McKee* v. *Nelson*, 4 Cowen, 355. That a horse appeared well and free from disease. *Spear* v. *Richardson*, 34 N. Hamp., 428. That a horse's feet were diseased. *Willis* v. *Quimby*, 31 N. Hamp., 485. That a horse had a sulky disposition. *Whittier* v. *Franklin*, 46 N. Hamp., 23.

These exceptions to the general rule are allowed on the ground of necessity, where the subject of inquiry is so indefinite and general as not to be susceptible of direct proof, or where the facts on which the witness bases his opinion are so numerous or so evanescent that they cannot be held in the memory and detailed to the jury precisely as they appeared to the witness at the time.

To render opinions of common witnesses admissible it is

indispensable that the opinions be founded on their own personal observation, and not on the testimony of others, or on any hypothetical statement of facts, as is permitted in the case of experts. In some of the cases it is held that the opinion can only be received in connection with facts stated by the witness. In other cases this is not required; as, for instance, in questions respecting the identity of persons. A witness well acquainted with another usually identifies him without conscious mental effort in the way of comparison or inference. In the absence of striking peculiarities of form or feature the identification may be, and often is, by the mere expression of countenance, which cannot be described. And the witness may be correct in his opinion, and yet be unable to give a single feature, or the color of the hair, or the eyes, or any particulars as to the dress. In such cases the distinction between opinion and fact is so very nice that it might perhaps have been as well to consider such identification as a fact, like any other direct perception of the senses.

Where the disposition of a person or of an animal (as in this case) is to be ascertained, the fact to be proved, being latent, can be ascertained only by symptoms and outward manifestations. If these happen to be very striking they may remain in the memory and can be stated, but in many cases they are very slight in each particular instance, and only the impression of an indefinite number of such appearances remains, resulting in an opinion that the quality or disposition in question exists.

In all cases it is important, with a view to confirm the opinion, that the witness should be able to state such facts as will show presumptively that his opinion is well founded. But it is not quite correct to say that the opinion of a witness is entitled to consideration only so far as the facts stated by him sustain the opinion, unless the proposition is understood to include among the facts referred to, the acquaintance of the witness with the subject matter and his opportunities for observation. The very basis upon which, as we have seen, this exception to the general rule rests, is that the nature of the subject matter is such that it cannot be reproduced or

detailed to the jury precisely as it appeared to the witness at the time.

We think the defendant was not aggrieved by the ruling of the court in admitting the evidence objected to, and his motion for a new trial is therefore denied.

In this opinion the other judges concurred.