## THE CHICAGO CITY RAILWAY COMPANY

### *v.*

### ELIZABETH VAN VLECK.

*Filed at Ottawa October 31, 1892.*

**1.** INSTRUCTION—*need not be repeated.* It is not error to refuse instructions when all the legal principles stated therein are sufficiently expressed in the instructions given by the court on its own motion and at the instance of the party complaining.

**2.** EVIDENCE—*of persons, not experts, to show general state of health and physical condition.* Relatives, neighbors and acquaintances of one are competent to testify to his state of health, hearing, eye-sight and ability to work and walk, and to use his arms and legs naturally and without trouble, during a given past period of time, even though they are not scientific experts in matters relating to the human anatomy.

They are competent to testify as to what they know from their own personal observations, and so it is not error to allow witnesses not experts to testify that immediately after an accident the plaintiff was unconscious, and was so, off and on, and most of the time, for three weeks thereafter.

3. SAME—*error in sustaining objection to question—cured by answer.* Where questions to which objections have been improperly sustained are substantially answered in response to other interrogatories, the error is rendered harmless, as no substantial injury is inflicted.

4. SAME—*proper answers to objectionable interrogatories.* Although a question objected to may be technically inaccurate, yet if the answer elicited is competent and proper evidence, the error in the question will not call for a reversal.

5. PRACTICE—*latitude in examination of witnesses.* In the examination of witnesses much latitude must be allowed in the sound discretion of the trial court, and courts of review will not interfere unless it is manifest that such discretion has been abused and injustice done to the rights of a party litigant.

6. SAME—*remarks of counsel.* On the trial of a case many things were said by plaintiff's counsel discourteous to opposite counsel and the court, and some statements were made in the hearing of the jury which were improper; but the court frequently admonished the jury to disregard remarks made by counsel, and at the close of the trial, in an instruction given of its own motion, told the jury that any comment made by counsel for either side, not supported by the evidence, should have no influence on their minds. It also appeared that defendant's counsel were not faultless in their bearing : *Held,* that the remarks of counsel did not require a reversal of a judgment for the plaintiff.

7. SAME—*directing what the verdict shall be.* Where the defendant, at the close of the plaintiff's evidence, moves the court to instruct the jury to find for the defendant, as in case of a non-suit, and upon refusal of the motion introduces evidence to overcome the case made by the plaintiff, and after the close of all the testimony fails to renew his motion or ask that the evidence may be excluded from the jury, the question whether the evidence, as matter of law, establishes a right of action will not arise on the record, as plaintiff's case may be strengthened by the evidence of the defendant and that of the plaintiff in rebuttal.

8. PRACTICE IN THE SUPREME COURT—*briefs should show grounds of objection.* The briefs of counsel are required by a rule of court to contain a short, clear statement of the points, and the authorities in support thereof. When the grounds of objection to the rulings of the trial court are not so stated in the briefs, this court may properly decline to consider such objections.

31—143 ILL.

9. SAME—*error will not always reverse.* Although proper questions to a witness may be disallowed and proper ones allowed, yet if no competent and material evidence is excluded from the jury and no competent evidence that could materially affect the result is admitted, the judgment will not be reversed. Trivial errors committed on the trial will not work a reversal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. C. M. HARDY, for the appellant.

Mr. JAMES LANE ALLEN, and Mr. EDMUND FURTHMANN, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

On the second day of August, 1887, a grip car of the appellant railway company going south on State street, in the city of Chicago, came in collision, at the intersection of said street and Adams street, with a horse car of another company, which was going west on the latter street. At the time of the collision the horse car was either standing still on, or very slowly moving across, the west track of the two cable car tracks on State street, its progress being impeded by vehicles in the crowded streets. The horse car was knocked off of its tracks, sideways, a distance of two or three feet, and its roof was broken in, its sign-board broken, its step injured and its sill bruised, and the axle of the car was bent. Elizabeth Van Vleck, the appellee, was a passenger on the horse car, and the effect of the collision was to throw her into the aisle of the car and inflict upon her personal injuries. To recover damages for such personal injuries she prosecuted this suit in the circuit court of Cook county, against appellant, and recovered a judgment, as the result of a jury trial, which was afterwards affirmed by the Appellate Court.

When appellee had put in her evidence and rested her case, appellant moved the trial court to instruct the jury to find it

not guilty, as in the case of a non-suit, which motion was denied. It is claimed that the record is barren of proof that appellant was guilty of negligence, that the refusal of the court to take the case from the jury was error, and that the sufficiency of the evidence to support the verdict and judgment is raised as a question of law. For two reasons the action of the court in the premises does not constitute reversible error. Appellant did not stand by its motion, but introduced evidence to overcome the case made by appellee, and after the introduction of all the testimony it did not renew its motion or ask that the evidence be excluded from the jury. It may well be, that wherein the case of appellee was insufficient, if it was, it was helped out by the evidence afterwards produced by appellant, or by appellee in rebuttal. The rule is, that the question whether the evidence, as matter of law, establishes a right of action, does not arise upon a record such as this. (*Joliet, Aurora and Northern Ry. Co.* v. *Velie,* 140 Ill. 59; *Dunham Towing and Wrecking Co.* v. *Dandelin, ante,* 409.) Besides this, and even assuming the question is properly before us, we think that the evidence in regard to the crowded state of the streets in that particular locality, the fact that no attempt was made to stop or check the speed of the grip car until it was within a few feet of the horse car, and of the various circumstances and statements of witnesses tending to prove that those in charge of the grip car saw or should have seen the horse car as much as a half a block off, amply justified the court in submitting the question of negligence to the jury, and that it could not properly have done otherwise.

It is claimed that it was error to refuse the second, fifth, seventh and ninth instructions asked by appellant. We see no substantial objection to said instructions, or either of them, but it does not therefore necessarily follow that it was error to refuse them. The substance of instruction 2 was given in instruction 1; that of instruction 5, in instructions 1, 3 and 4, and almost its exact phraseology in a general instruction pre-

pared by the court; that of instruction 7 was amply covered by given instruction 6; and that of instruction 9 was fully stated in instructions 8 and 10. In fact, all of the legal principles stated in the refused instructions were sufficiently expressed in the, instruction given by the court of its own motion and in those which were given at the instance of appellant. The court was not required to repeat the principles of law involved in the instructions submitted, even to the extent it did.

Appellant complains of some one hundred and twenty-five rulings of the court on the admission or rejection of testimony. These rulings could not well be considered *seriatim* within the reasonable limits of an opinion. In respect to a majority of the rulings complained of, the ground or point of objection to the ruling is not even suggested. It is provided by rule 29 of this court that the briefs required shall "contain a short, clear, statement of the points, and the authorities in support thereof." We might well decline considering alleged erroneous rulings of the trial court where the grounds of objection to such rulings are not stated. (And see *Chicago, Rock Island and Pacific Railroad Co.* v. *Moffitt,* 75 Ill. 524, and *Wabash, St. Louis and Pacific Railroad Co.* v. *McDougal,* 113 id. 603.) We have, however, examined the abstract sufficiently to satisfy our minds in regard to the supposed erroneous decisions of the court. Most of the exceptions are extremely technical, and many of them, to our minds, trivial. Numerous of the questions to which objections were sustained were substantially answered in the responses made to other interrogatories, and therefore no substantial injury inflicted. A fair sample of a very large number of the alleged errors is the very first one that is specified in the brief. Counsel there say: "The court permitted Mrs. Van Vleck, after swearing that she had made no agreement for the compensation of the nurse, to state that she had an understanding with the nurse on that subject, and what that understanding was." On turning to the abstract of the testimony, we find that Mrs. Van Vleck, in answering the ques-

tion objected to, said: "I told her I would give her as much as anybody, and I could not let her go. I didn't say how much I would pay her, or anything. I said I would give her as much as anybody." The answer elecited was competent testimony, although the question asked may have been technically inaccurate.

It was one of the contentions of appellant at the trial, that the permanent injuries for which appellee sought to recover damages in this suit were not occasioned by the collision under investigation, but were caused by being dragged while holding fast to the hand rail of a street car in 1877, ten years prior to the collision of August 2, 1887. In that connection many of the relatives, neighbors and acquaintances of appellee testified in regard to her state of health, hearing, eye-sight, ability to work and walk, and use her arms and legs naturally and without trouble, during the intervening ten years. Appellant objected to all testimony of this kind, and now insists that said witnesses were incompetent to testify in regard to such matters because they were not experts, physicians and surgeons. We think the objection is without merit, and untenable. We do not see why persons who were familiarly associated with appellee, and came in frequent contact with her, were not capable of knowing whether she was in good or bad health, whether her hearing was good and acute or otherwise, whether her eye-sight was defective or not, whether or not she was lame, and whether she had the free and natural use of her hands or not, even though such persons were not scientific experts in matters relating to the human anatomy. In our opinion they were competent to testify to what they knew from their own personal observation. So, also, it was not error to allow witnesses to state that immediately after the accident appellee was unconscious, and was unconscious off and on, and most of the time, for three weeks thereafter. Such facts witnesses might well obtain knowledge of by observation and the exercise of their perceptive faculties.

It seems useless to go further into detail. The trial was quite long, the abstract in the case containing three hundred and sixty-five pages of printed matter. In the examination of witnesses much latitude must be allowed to the sound discretion of the trial court, and courts of review will not interfere unless it is manifest that such discretion has been abused and injustice done to the rights of a party litigant. Here, objections were sustained to some questions that the court should have permitted to be answered, and some objections denied that should have been sustained. But we are unable to see that any competent and material evidence offered by appellant was excluded from the consideration of the jury, or that any incompetent evidence that could materially affect its interest was admitted. Trivial errors committed in the trial of a cause will not work a reversal. *Albin* v. *Kinney*, 96 Ill. 214.

Complaint is made of the conduct of counsel for appellee during the trial. We have examined the specifications of misconduct. Many things were said and numerous remarks made that were not courteous to opposite counsel or to the court. Some statements were made in the presence and hearing of the jury that were manifestly improper. The court, however, frequently admonished the jury to disregard remarks made by counsel, and at the close of the trial, in an instruction given of its own motion, told them that every comment by counsel for either side, made during the progress of the cause, which was not supported by the evidence introduced, should have no influence on their minds in reaching a verdict. Besides this, we may say in this case as we said in *Ochs* v. *The People*, 124 Ill. 430: "There may, perhaps, be somewhat of extenuation in the circumstances of the case. Defendant's counsel were not faultless in their own bearing."

Upon the whole, after patient consideration, we find no error in the record so manifest and substantial as that it would justify a reversal. The judgment of the Appellate Court is affirmed.            *Judgment affirmed.*