| 68 | 126 |
| 72 | 730 |

JAMES CHAMBERLAIN vs. THOMAS C. PLATT ET AL., RE-
CEIVERS.

First Judicial District, Hartford, May Term, 1896. ANDREWS, C. J., TOR-
RANCE, FENN, BALDWIN AND HAMERSLEY, Js.

The defendants were the receivers of a railroad company and the plaintiff
was a passenger on one of its trains. In an action for damages for
personal injuries alleged to have been caused by negligence of the de-
fendants in failing to sufficiently light the platform at the railroad
station where the plaintiff got off, the trial court found the facts in
detail, and· that the defendants were guilty of negligence in this re-
spect. *Held* that it did not appear from the record that the court
imposed upon the defendants a higher degree of care in lighting the
platform, than the law required.
A non-expert witness called by the plaintiff testified that he was familiar
with the station in question and got off the train there the night the
plaintiff was injured; but it did not appear that he stated, or even
observed, the condition of things, whether well lighted or not, as they
existed that night. *Held* that under these circumstances it was error
to permit him to give his opinion that the place was not a reasonably
safe one in respect to the light, for passengers to get off.

[Argued May 6th—decided June 25th, 1896.]

ACTION to recover damages for personal injury alleged
to have been received through the negligence of the defend-
ants, brought to the Superior Court in Hartford County and
heard in damages to the court, *Ralph Wheeler, J.;* facts
found and judgment rendered for the plaintiff for $700 dam-
ages, and appeal by the defendants for alleged errors in the
rulings of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Edward D. Robbins*, for the appellants (defendants).

The whole tendency of the law is to more explicitly define
standards of duty, both of plaintiffs and defendants, as fast
as this becomes possible. *Farrell* v. *Waterbury Horse Rail-
road Co.*, 60 Conn. 239; Holmes's Com. Law, p. 111, *et. seq.*
There is a general principle of law which is stated as follows
in *Knowles* v. *Crampton*, 55 Conn. 344 : "In dangerous sit-

uations ordinary care means great care; the greater the danger the greater the care required; and the want of the degree of care required may amount to culpable negligence." This general principle of law fairly involves a legal duty upon a passenger who knows he has to descend, if the light is imperfect, to use care commensurate with the increased difficulty in stepping down surely. It is evident that the court below imposed no such duty upon the plaintiff in this case. The court erred in admitting the testimony of Parsons. He testified that he did not remember just how much light there was on the particular night when the plaintiff met with his injury. Yet he was allowed to state, against objection, his mere opinion as to whether there was light enough where Chamberlain got off, to make it a safe place for alighting. This evidence does not fall under any reasonable exception to the rule against the admissibility of opinions from non-expert witnesses. *Bassett* v. *Shares,* 63 Conn. 45; *Sydleman* v. *Beckwith,* 43 id. 11.

*Charles H. Briscoe* and *George B. Fowler,* for the appellee (plaintiff).

The duty of the defendants was a question of law; whether it was performed or not was a question of fact. It is well settled that it is the duty of railroad companies to have their stations lighted for the accommodation and safety of passengers arriving or departing upon their trains during the darkness, and they are liable to them for injuries from the want of such lights, unless such injuries are contributed to by the passenger's own negligence. *Keefe* v. *Boston & Albany R. R. Co.,* 142 Mass. 251; *Fordyce* v. *Merrill,* 49 Ark. 277; *Bueneman* v. *St. Paul M. & M. R. R. Co.,* 32 Minn. 390; *Grimes* v. *Penn. Co.,* 36 Fed. Rep. 72; *Alabama G. S. R. R. Co.* v. *Arnold,* 80 Ala. 600; *Louisville, New Albany & Chicago R. R. Co.* v. *Lucas,* 119 Ind. 583; *Reed* v. *Axtelle et al.,* 84 Va. 238; *McKone* v. *Mich. Cent.,* 51 Mich. 601; *Beard* v. *Conn. & P. R. R. Co.,* 48 Vt. 101; *Quaife* v. *Chicago & N. W. R. R. Co.,* 48 Wis. 113. The court has found that " the defendant failed to provide suitable and suf-

ficient lights at the station to enable passengers to alight with
reasonable safety upon the platform, and neglected to use
due care in that regard." Whether the conduct of the
plaintiff in this case was that of a man of ordinary prudence,
under all the circumstances, was a question of fact for the
trial court to decide. Parsons' testimony was properly ad-
mitted. *Sydleman* v. *Beckwith*, 43 Conn. 11; *Dunham's
Appeal*, 27 id. 191. As to questions of safety, this court
has declared opinions to be admissible. *Taylor* v. *Town of
Monroe*, 43 Conn. 45; *Ryan* v. *Town of Bristol*, 63 id. 26.
Moreover the witness was confined to the particular night in
question and to the facts existing at the time.

ANDREWS, C. J. The defendants are the receivers of the
New York and New England Railroad Company. The plain-
tiff was a passenger on a train of that railroad, and arrived
at the station where his passage ended, in the evening. In
getting down from the car to the platform of the station he
fell and received the injuries for which this action was
brought. The defendants suffered a default and there was
a hearing in damages. The trial judge awarded substantial
damages and the defendants appealed.

It appears from the finding and from the judge's memoran-
dum of decision, that the case turned on the question whether
or not the platform was sufficiently lighted to make it reason-
ably safe for the plaintiff to get down from the car. Vari-
ous reasons of appeal were assigned, but only two are pursued
in this court. The first one is that the judge applied to the
defendants a higher degree of care in respect to lighting its
platform at the station and the steps of its cars, than the law
requires. As to this assignment we are not able to say that
there is any error.

· The other assignment is that the court erred in admitting
the testimony of one H. C. Parsons. The ground of the
error is that Parsons was a non-expert witness, and was per-
mitted to state his opinion as to whether there was light
enough at the place where the plaintiff got off the train to
make it a safe place for a passenger to get down, and with-

out giving the facts observed by himself, on which his opinion was based. The witness Parsons was called in behalf of 'the plaintiff and testified that he was familiar with the station, and was there on the night when the plaintiff was hurt. He was then asked generally, whether it was a dangerous place or not. This question being objected to, counsel changed to this: "I will limit it to the question as to whether it was so that night. Taking the light into consideration, the light that existed at the time and the shadows that were cast, if any there were, the situation of the platform, its width, its lower and upper platform, I ask you if it was a reasonably safe place for passengers to alight? A. You mean on that particular night? Q. Yes, I mean on that particular night. A. I don't think it is light enough there to get off. I don't think it was that night, and I am sure it was not other nights. Q. Confine it to that night. A. No I don't think it was. Q. You don't think it was a safe place? A. I don't think it was light enough. Q. Will you answer the question whether you would consider it a dangerous or a safe place for a person, taking into consideration all these circumstances that have been stated. . . . A. I don't think it is, unless one is pretty well acquainted with the ground." To all this evidence counsel for the defendants objected, but the judge allowed it to stand.

It does not appear anywhere in the case that this witness stated the condition of things at the station as they existed that night, on which he based his opinion that it was not light enough to be reasonably safe. Indeed it does not even appear that he observed the condition of things that night in respect to the light, so as to be able to form an opinion; but rather the contrary appears, that he did not that night take much notice.

The ordinary rule is that all witnesses who testify in court must speak only to such facts as are within their own knowledge, and may not state their opinion. But this rule is sometimes departed from. On certain subjects some classes of witnesses may give their opinions. When the subject of inquiry so far partakes of the nature of a science or trade as

to require a previous course of study or experience in order to the attainment of a knowledge of it, then persons who have given such a course of study to the matter, or who have had such previous experience, may be allowed to state their opinion. And there is a class of cases in which the witness states the result of his observation or judgment, as a fact rather than as an opinion. As in cases of personal identity; cases of hand-writing; cases where the value of real or personal property is in question; or in such instances as were described in *Porter* v. *Pequonnoc Mfg. Co.*, 17 Conn. 249, and *Quinn* v. *R. Co.*, 56 id. 44. In these cases it must appear that the witness is acquainted with the subject concerning which he attempts to speak. So too, where the subject-matter of the inquiry is so indefinite and general as not to be susceptible of direct proof, or where the facts on which the witness bases his opinion are so numerous or evanescent that they cannot be held in the memory and detailed to the jury precisely as they appeared to the witness at the time. Numerous instances which fall within this latter class are mentioned in *Sydleman* v. *Beckwith*, 43 Conn. 9, 11. In this class of cases, of course it is indispensable that the opinion be founded on facts within the personal observation of the witness; and it is important, and perhaps indispensable also, that the witness should state such of the facts as will show presumptively that his opinion is well founded. *Sydleman* v. *Beckwith*, *supra*; *Bassett* v. *Shares*, 63 Conn. 39.

The precise question before the trial court was the condition of the light at the station at the time the plaintiff fell. A general acquaintance with that station would not at all enable a witness to speak on that question. A knowledge of the way that station was lighted on other evenings, would not afford a witness any safe criterion by which to judge the light that night. If the moon was shining, if it was starlight and a clear sky, the platform might have been perfectly safe so far as the light was concerned, even with no artificial light. And on the other hand if it was cloudy or if stormy, then a strong artificial light might not remove the danger of the place. It could have been only by observing the condition

of the light at the time the accident happened and stating what it was, that would have made the opinion of the witness admissible; and as Mr. Parsons did not do so, we think it was error to receive his opinion.

There is error and a new trial is granted.

In this opinion the other judges concurred.