# Sands *v.* Louisville & N. R. R. Co.

*Action for Damages for Death at Railroad Crossing.*

(Decided June 30, 1908. 47 South. 323.)

1. *Railroads; Crossing Accident; Liability.*—Where plaintiff was driving slowly in a vehicle towards a railroad crossing and when she was first seen the train was about a quarter of a mile from the crossing, running about forty-five miles an hour, and plaintiff was about sixty feet therefrom and continued to approach the track until the train was about three hundred feet from the crossing, when plaintiff looked up and saw it, and then began to urge her horse forward, whereupon, the engineer applied all the braking power that he had and blew the whistle which was all that he could have done to have stopped the train, but plaintiff's intestate continued across the track, and was killed, the railroad is not liable.

2. *Appeal and Error; Harmless Error.*—Where one party is entitled to the affirmative charge, if error is committed as to the other matter, it is without injury. (Denson and McClellan, JJ., dissent.)

APPEAL from Mobile Circuit Court.

Heard before Hon. WILLIAM S. ANDERSON.

Action by Robert M. Sands, as Administrator against the Louisville & Nashville Railroad Company, for damages for causing the death of his intestate in a crossing accident. Judgment for defendant and plaintiff appeals. Affirmed.

ERWIN & McALEER, for appellant. The court should have given the written charge requested by plaintiff.— *M. & C. R. R. Co. v. Martin,* 117 Ala. 383; *Southern Ry. Co. v. Crenshaw,* 34 South. 916. When one is in a position to hear a bell and does not hear it, that is evidence that it was not rung.—*Montgomery St. Ry. Co. v. Shanks,* 37 South. 170; *L. & N. v. York,* 30 South. 678. The engineer violated the duty enjoined by the statute when he failed to reverse his engine and sand the track.—Authorities supra; *Bir. R. & E. Co. v. Pinkard,* 124 Ala. 375; *R. & D. R. R. Co. Co. v. Greene,* 99 Ala. 515. Special attention is invited to the case of *Southern Ry. Co. v. Williams,* 38 South. 1013.

GREGORY L. & H. T. SMITH, for appellee. An engineer seeing a person approaching the track has the right to presume that he will stop before reaching it, and is under no obligation to check or stop his train until he sees that such party intends to cross in front of the engine and cannot do so safely.—*Burson v. L. & N. R. R. Co.,* 116 Ala. 201; *Frazier v. R. R. Co.,* 81 Ala. 186; *Sou. Ry. Co. v. Bush,* 122 Ala. 483; *Central R. R. Co. v. Foshee,* 125 Ala. 226. And this presumption is based upon the consideration of what a person of ordinary prudence would do. The engineer is not called to act upon different presumptions according to the sex or idiosycransies of the person approaching the track.— *Cen. Ry. Co. v. Foshee,* 125 Ala. 226. Evidence of a prior accident at the same point is not admissible when it does not appear that the accident was of the same character, or from a similar cause, or under the same conditions.—*R. R. Co. v. Starr,* 112 Ala. 107; *Buckshaw v. Tenn, Iron R. R.* 112 Ala. 159. A plea cannot be held bad upon demurrer for duplicity.—*Ewing v. Shaw,* 83 Ala. 333; *High. Ave. & Belt. R. R. v. Swope,* 115

Ala. 305. In a suit by an administrator for the death of one not an employee' it is immaterial whether the deceased left children or not. The measure of damage is controlled solely by the character of the negligence resulting in the death.—*L. & N. R. R. Co. v. Tegner,* 125 Ala. 598; *R. & D. R. R. v. Freeman,* 97 Ala. 292; *A. G. S. R. R. v. Burgess,* 116 Ala. 514. Even under the employee's act, the family that a person leaves is wholly irrelevant except in connection with evidence tending to show what pecuniary loss they sustained by the death. —*L. & N. R. R. Co. v. Binion,* 107 Ala. 652; *Bromley v. B. & M. R. R. Co.,* 95 Ala. 406. No rate of speed over a crossing is negligence *per se.*—*R. R. Co. v. Cisco,* 85 Ala. 358; *R. R. v. Gaver,* 79 Ala. 220; *N. C. & S. L. R. R. v. Hamberg,* 85 Ala. 482. A wilful or wanton wrong can exist only where there is either a wilful wrong or a knowledge of the peril and a reckless indifference to consequence.—*A. G. S. R. R. v. Hill,* 105 Ala. 606; *R. & D. R. R. v. Vance,* 93 Ala. 148; *G. Pac. Ry. v. Lee,* 92 Ala. 270; *Anniston etc. v. Pickens,* 93 Ala. 420; *Kansas City R. R. v. McGraw,* 95 Ala. 432; *Hale v. K. C. M. & B. R. R.,* 113 Ala. 650.

McCLELLAN, J.—Plaintiff's intestate was killed by an engine drawing a train of the defendant (appellee) at the intersection of Washington avenue, a public highway, and its line of railroad. The fifth count, as last amended, rests on the alleged subsequent negligence of the engineer after becoming aware of the peril of the intestate. The general issue seems to have been the only plea thereto. There was testimony tending to support the averments of the count, and the determination of the issue presented thereby was for the jury. The engineer, among other things, testified that when he first saw the intestate he was about a quarter of a mile from

the crossing; that she was at that time driving slowly (in a one-horse vehicle) toward the crossing, and was then about 60 feet therefrom; that the train was running at the rate of 45 miles an hour; that she continued thus to approach the track "until I got I would suppose about 300. feet of the crossing, and she looked up, and about that time she began to urge her horse, and I saw then she was trying to cross, and I throwed the brakes on an reached up and blew the whistle. I was about 300 feet when she looked up and saw me, and then urged her horse forward, and I then put on the brakes. I put on all the breaking power we had. There was not anything else I could do to stop the train any quicker. I had done all I could. I continued to blow the whistle. Reversing my engine would not have stopped the train any quicker. If anything it would not have stopped as quick if I had reversed the engine. If I had the driver brakes on and reversed the engine, the drivers would have locked, and would have slid on the rail, and in that way they don't hold as much."

. The doctrine carrying liability for subsequent negligence where the injured party was not himself guilty of negligence subsequent to or concurring with that of the party charged, contributory to the damnifying result, is settled in this state, as shown by the following authorities and those in each cited: *L. & N. R. R. Co. v. Brown*, 121 Ala. 221, 25 South. 609; *L. & N. R. R. Co. v. Hurt*, 101 Ala. 34, 13 South. 130; *Central of Ga. v. Lamb*, 124 Ala. 172, 26 South. 969; *R. R. Co. v. Webb*, 97 Ala. 308, 12 South. 374; *Burgess' Case*, 116 Ala. 509, 22 South. 913; *Johnson v. B. R. Co.*, 149 Ala. 529, 43 South, 33; *Central Ry. v. Foshee*, 125 Ala. 226, 27 South. 1006; *Young v. L. & N. R. R. Co.*, 153 Ala. 232, 45 South. 238. It has also been often adjudged here that it is the duty of an engineer, upon becoming aware of

another's peril from the dangerous agency in his control, to do all in his power, to use all appliances at hand, known to prudent and skillful engineers, promptly and in proper order, to avert injury.—*Railway v. Pinckard,* 124 Ala. 372, 26 South. 880; *Campbell's Case,* 121 Ala. 50, 25 South. 793, 77 Am. St. Rep. 17, and authorities supra. Under the evidence in this record the duty alleged, in the fifth count as last amended, to have been breached by the defendant's engineer, did not arise until the peril into which intestate evinced, by her movements, a purpose to place herself, viz., in undertaking to cross the track under the circumstances stated by the engineer, became known to the engineer. Up to that time he had the undoubted right to presume, and act thereon, that Mrs. Nestor would not subject herself, from a place of safety, to the danger of injury in undertaking to cross the track in front of the approaching train.—*So. Ry. v. Bush,* 122 Ala. 483, 26 South. 168; *Burson v. L. & N. R. R.,* 116 Ala. 198, 22 South. 457.

But after becoming aware that her purpose was to attempt the reckless act of crossing, as she did, the duty we have stated arose, and her conduct in thus exposing herself to the probably dangerous situation mentioned became a condition, merely, upon which the duty rested, if unperformed—operated to afford the proximate cause of her injury, unless she was guilty of contributory negligence in a failure to perform her duty to conserve her own safety after she had become aware of her peril. As stated, the issues involved were for the jury; among them being whether, if the condition to the duty was found to exist any means at hand and known to, and as would have been applied by, prudent and skillful engineers, could have availed to avert the injury to her, or could have so reduced its speed as to have given her time in which to clear the track before the train reached

the point at which she crossed, and whether the means used were those required by the last clause of section 3440 of the Code of 1896. An essential element to the imputation of wantonness, or the like, in operating a train over a public thoroughfare where people frequently and in numbers cross the track of the carrier, is that the operative in charge of the train inflicting the injury complained of knew that the crossing was used so frequently and by such numbers of people as that "it was likely or probable that at the time some person would be on the track."—*M. & C. R. R. v. Martin,* 117 Ala. 367, 23 South. 231. No such knowledge on the part of the engineer here was shown. Hence the wantonness and recklessness sought to be ascribed to his conduct in running the train in question at the speed he did, approaching or over Washington avenue, was not sustained, and the general charge thereon might well have been given. The special charge in this connection, refused to plaintiff, was abstract, and was, therefore, properly refused.

In regard to the negligence imputed to the engineer because of an alleged failure to observe the regulation laid down in Code 1896, § 3441, the crossing in question being upwards of 300 feet above (as related to the direction from which the train was coming) the street railway crossing, it will suffice to say that such breach of duty, if it obtained, bore no sort of causal connection with the injury suffered by Mrs. Nestor. The duty raised by the statute (section 3441) could not have been breached, in any event, by act or omission save at the place it was required to be performed. Hence, aside from any other consideration that might be mentioned, Mrs. Nestor had no semblance of right to order her conduct upon a reliance on the performance of a duty that

[Sands v. Louisville & N. R. R. Co.]

had no existence with reference to the Washington avenue crossing, over which she undertook to pass and at which she lost her life.

The court, in its oral charge to the jury said: "The burden is on the plaintiff to establish to the reasonable satisfaction of the jury that the defendant is guilty as charged in the fifth and sixth counts of the complaint. If he has not so satisfied you, the plaintiff cannot recover." The sixth count charged that the fatal injury was the result of wantonness and recklessness in the operation of the train. The fifth count charged simple negligence after discovery of Mrs. Nestor's peril. There was no testimony tending to support, the sixth count; but there was, in the state of the pleadings, testimony, if believed, upon which the jury might have based a verdict for the plaintiff. The hypothesis requiring a conjoint reasonable satisfaction of the jury that the defendant was guilty as charged in the mentioned counts was error to reversal.

The fourth count sought to predicate liability upon an alleged defect in the condition of the track where it intersected Washington avenue, and which so impeded the progress of Mrs. Nestor over the crossing as that she was killed. There was an entire absence of evidence to show that her passage was at all hindered by the condition alleged. In view of this, we need not comment on the general duty of a railroad company with respect to the construction and maintenance of such crossings, further than to cite *Sou. Ry. v. Morris,* 143 Ala. 628, 42 South. 17, and authorities therein cited. The affirmative charge as to this count was properly given.

The plea of contributory negligence to the first count, which stated a cause of action in simple negligence for nonobservance of the statutory requirements, was clearly proven, and the affirmative charge thereon was justi-

fied. It was Mrs. Nestor's duty to have stopped, looked, and listened before attempting to cross the track, which precaution she did not take.—*Central of Ga. Ry. v. Foshee,* and other authorities supra.

It results from these views of the case, as made by this record, that the only possible legal opportunity open to the plaintff to recover, and that is dependent upon the conditions and contingencies we have stated, is along the line of subsequent negligence on the part of the engineer, after discovery of Mrs. Nestor's peril or that she was probably about to so circumstance herself. No other errors assigned need be treated.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ., entertain the opinion that on the testimony of the engineer the defendant was entitled to the general affirmative charge in its favor, thus rendering innocuous errors, if any, intervening on the trial, and rest their conclusion in the premises upon the authority of *Harris v. N. C. & St. L. Ry.* 153 Ala. 139, 44 South. 962.

DENSON, J., concurs in the view of the writer that a reversal should be entered, since the vital inquiry, upon which the majority predicate their opinion, should have been submitted to the jury, as was asserted in the dissenting opinion in *Harris v. N. C. & St. L. Ry., supra,* and the authorities therein cited; and in further support of which, in this case, where the injury was inflicted at a public crossing, we cite Code 1896, § 3443, whereby the burden to negative in proof the negligence presumed to have produced the injury is laid upon the common carrier. The testimony of the engineer, the sole eyewitness, in reference to whether he was negligent in the performance of his duty to avert the injury, after be-

coming aware of Mrs. Nestor's peril, was purely opinion, and probably expert at most, and did not and should not bind the jury.

The judgment is affirmed.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur. DENSON and McCLELLAN, JJ., dissent.