MARY J. ATWOOD ET AL. *vs.* FRANK G. ATWOOD.

Third Judicial District, New Haven, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Opinion evidence based upon special skill or knowledge, or upon facts and conditions which can be made clear to the trier without the impression or conclusion of the witness, may not be given by the nonexpert witness.

The nonexpert opinion must rest upon facts stated by the witness or acquired through the use of his senses.  The witness may state the

facts on which his opinion rests, he is not required to do this. He must show that he had the means and opportunity for knowledge.

When the facts and conditions are so numerous or complicated as to be incapable of separation, or so evanescent in character they cannot be fully recollected or detailed, so as to give the trier the impression they gave the witness, or so as to enable the trier to draw a fair inference from them, the nonexpert witness may testify to his impression or conclusion, leaving it to the cross-examination to develop its foundation.

This impression or conclusion is the sum of what his senses revealed to him, and in its final analysis the offer is to prove a fact and not an opinion.

The test of admissibility of the nonexpert opinion, whether it relate to physical or mental conditions, is: Is the evidence relevant, is it the best the nature of the case admits of, and does it come from a competent witness?

Accordingly, witnesses who have observed a plaintiff during her illness may testify that she was then in a very bad condition, and incapable of doing business or making any contract or agreement.

An inquiry is, however, objectionable, which calls for a legal conclusion as to one's capacity to make a particular deed, will, or contract.

It is within the discretion of the trial court to allow an answer, which is relevant and material to the issue, to stand, although not responsive to the question; and it is only in exceptional cases that such rulings should be made the ground of an appeal.

Such a ruling does no harm if the evidence subsequently comes in, in due course, from other witnesses.

A memorandum made by an assessor upon the list of a taxpayer, without the latter's knowledge or authority, to the effect that he had only the life use of the land therein described, is not competent evidence of an admission by him of such limited ownership.

The plaintiff sought to have a deed, purporting to have been made by her, set aside upon the ground that it had been obtained from her by fraud while she was ill and unable to comprehend what she was doing. *Held* that evidence that she first learned of the claim of the grantee months afterward, when her tax bill was presented, was admissible and material upon the question of her mental capacity at the time the deed purported to have been executed, and also as to the alleged fraud of the defendant.

Numerous illustrations of admissible nonexpert opinion in recent years cited.

Argued January 18th—decided March 8th, 1911.

ACTION to secure the cancellation of a deed of real estate and a reconveyance of the premises, brought to and tried by the Superior Court in New Haven County,

*Reed, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant. *No error.*

On April 17th, 1901, the plaintiff Mrs. Atwood was the owner in fee of the property in suit. On April 1st, 1901, Mrs. Atwood became ill with typhoid fever and her mind during her illness seriously affected, and, when she was incapable of managing her affairs and not competent to make a deed or comprehend what she was doing, the defendant caused to be drawn a deed of said premises, took it and a notary with him on April 17th, 1901, to her house, and then the defendant took her hand and made the cross which appears over her signature to said deed above the letter "J." Mrs. Atwood never signed said instrument otherwise. One of the two witnesses to said instrument was not present when said cross was placed on said instrument and did not know that she was signing her name as a witness. The notary asked Mrs. Atwood if it was her free act and deed and she made no intelligible response. The notary signed as one of the witnesses. Except as stated the acknowledgment was in due form. Mrs. Atwood knew nothing of said instrument until seven years thereafter. There was no consideration for said instrument and no delivery thereof. On December 5th, 1907, Mrs. Atwood, without knowledge of said instrument, conveyed said premises to Lillian A. Allen by warranty deed. The rulings on evidence involved in the decision sufficiently appear therein. Other objections and exceptions relate to the questions of want of consideration for the deed and defective execution and acknowledgment, or questions which relate to the charge of fraud, which was not found, and, in view of the ground of the decision, become immaterial.

*George E. Beers* and *Harry J. Beardsley,* for the appellant (defendant).

Atwood *v.* Atwood.

*Charles G. Root,* for the appellees (plaintiffs).

WHEELER, J.   The finding is explicit in its state-
ment that on April 17th, 1901, when the deed from the
plaintiff to the defendant, which this action seeks to
set aside, purports to have been executed, Mrs. Atwood
was mentally and physically incapable of making the
deed and did not then comprehend what she was doing.
On this finding no other judgment was possible, and,
unless rulings upon the evidence tending to prove the
incapacity of the plaintiff materially prejudicial to the
defendant were made on the trial, the judgment must
stand.

The witness Mrs. Allen, having stated her means
and opportunity of knowledge, testified that between
April 11th and 16th, 1901, Mrs. Atwood was "very
poor indeed," "so low it was beyond asking her any-
thing," and in a "condition to know nothing really."
This evidence was objected to because the opinion of a
nonexpert witness, from whom nothing save what the
witness saw and heard was admissible.

Opinion evidence, which is based upon special skill or
knowledge, or upon facts and conditions which may be
reasonably described and made clear to the trier with-
out the aid of the impression or conclusion of the wit-
ness gained from them, may not be given by the non-
expert witness.   An opinion of a nonexpert witness
which does not rest upon facts stated by him, or is not
acquired through the use of his senses, may not be laid
in evidence.   *Turner's Appeal,* 72 Conn. 305, 315, 44
Atl. 310.   The witness may state the facts on which
the opinion rests.   He is not required to do so.   He
must show that he had the means and opportunity for
knowledge.   His opinion without this foundation is
inadmissible.   When, however, a subject is relevant to
the matter in suit, and the lay witness has had the

means and opportunity of acquiring knowledge of the subject through the use of his senses, and the impression or opinion is formed from constituent facts and conditions which are so numerous or so complicated as to be incapable of separation, or so evanescent in character they cannot be fully recollected or detailed, or described, or reproduced so as to give the trier the impression they gave the witness, or so as to enable the trier to draw a fair inference from such facts and conditions,—he may be permitted to testify to the impression or conclusion obtained by him from them, leaving it to the cross-examination to develop the foundation for the impression or conclusion. *Spencer's Appeal,* 77 Conn. 638, 643, 60 Atl. 289; *Turner's Appeal,* 72 Conn. 305, 315, 44 Atl. 310; *Chamberlain* v. *Platt,* 68 Conn. 126, 130, 35 Atl. 780.

The exceptional witness may be able at times to describe the eye or the action of a man; but he cannot convey distinctly to another the appearance of the man to him, unless he may give the impression made upon him, or the conclusion reached by him, from the man whom such acts and look portray. We cannot express in words the facts and conditions which lead us to the opinion that one is under the influence of hate or love, pain or pleasure, hope or fear. We cannot describe exactly our own emotions, sentiments, and affections, much less those of another. Memory may retain no single detail, indeed one may never have recognized a single detail; yet the appearance of the man may have left upon the mind an indelible impression as to his physical and mental condition. Clear before him is the picture of what he saw—a man healthy or sick, strong or fragile, well or poorly, changed in health for better or worse, composed or nervous, excited or despondent, tired or exhilarated, intellectual or weak-minded, conscious or unconscious, suffering or happy. In truth,

that which we call opinion is fact. The impression or conclusion is the sum of what he saw, and in its final analysis the offer is to prove a fact and not an opinion. 3 Wigm. on Ev. § 1918; *Turner's Appeal*, 72 Conn. 305, 315, 44 Atl. 310.

Every trial, as a rule, is filled with so-called opinion evidence from the nonexpert witness; it is so constant and so common it is not distinguished from other evidence except in the occasional instance. With a better understanding of when and how opinion evidence from nonexpert witnesses may be used, we find in trials its use increasing, and with the growing complexity of our life this is inevitable and indispensable if we would reach the truth. There is only one test for the nonexpert opinion: Is the evidence relevant, is it the best the nature of the case admits of, and does it come from a competent witness? *Hardy* v. *Merrill*, 56 N. H. 227, 241. If these conditions are fulfilled, the evidence is admitted from necessity, because either the witness cannot otherwise describe it, or describe it in its force, extent, and meaning so that another may see or know what he saw and knew. The same rule and the same reason for the rule exists whether the opinion relate to physical or mental conditions. 3 Wigm. on Ev. § 1918.

Our decisions with their citations furnish many instances of nonexpert opinion evidence deemed admissible. Among the cases of the last few years in other States are found these illustrations of the proper application of this rule: That one was in good or bad health, *Chicago City Ry. Co.* v. *Van Vleck*, 143 Ill. 480, 485, 32 N. E. 262; *Johnson* v. *Union Pacific R. Co.*, 35 Utah, 285, 100 Pac. 390, 394; *Davis* v. *Oregon Short Line R. Co.*, 31 Utah, 307, 88 Pac. 2, 6; that one seemed very feeble, seemed to be crippled, *Dilburn* v. *Louisville & N. R. Co.*, 156 Ala. 328, 47 So. 210; that one's hearing was acute or dull, *Chicago City Ry. Co.* v. *Van*

*Vleck,* 143 Ill. 480, 485, 32 N. E. 262; that one was in pain or suffering, *Morris* v. *St. Paul City Ry. Co.,* 105 Minn. 276, 117 N. W. 500, 502; *Davis* v. *Oregon Short Line R. Co.,* 31 Utah, 307, 88 Pac. 2, 6; *Kline* v. *Santa Barbara Con. Ry. Co.,* 150 Cal. 741, 90 Pac. 125, 129; that one was excited, *Kinner* v. *Boyd,* 139 Iowa, 14, 116 N. W. 1044; that one was intemperate, *Taylor* v. *Security L. & A. Co.,* 145 N. Car. 383, 391, 59 S. E. 139; that one was nervous, *Illinois Central R. Co.* v. *Rothschild,* 134 Ill. App. 504, 511; that one's bearing was truculent, and that one had a sneer on his face, *White* v. *Metropolitan Street Ry. Co.,* 132 Mo. App. 339, 349, 112 S. W. 278; that one manifests affection, *Spencer's Appeal,* 77 Conn. 638, 643, 60 Atl. 289; *In re Miller's Estate,* 36 Utah, 228, 102 Pac. 996, 998; that one's disposition was bright and cheerful, *Pullman Co.* v. *Hoyle,* 52 Tex. Civ. App. 534, 541, 115 S. W. 315, 318.

The opinion evidence in question was clearly admissible.

The assessment list of Mrs. Atwood embraced the property in dispute. It was offered in evidence as an admission that Mrs. Atwood only owned a life interest in the property. One of the assessors identified the list and stated that the words "Mary J. Atwood life use" were in assessor Callahan's writing, and he added, "Atwood life use" was put in later. The defendant excepted to the court's refusal to strike this out.

It is true this was not responsive, but an answer which is relevant and material to the issue, although not responsive, should not be stricken out when the witness is competent. This evidence was of such a character; Mrs. Atwood could not be bound by the act of the assessors without her authority or knowledge. It does not appear that the witness had no personal knowledge of the fact he testified to. When that fact appeared, the motion to strike out might have been

renewed. Questions of this character are largely within the discretion of the court, and only in exceptional cases should encumber a record on appeal. In this instance no harm could have been done, for the evidence subsequently came in, in due course, from other witnesses.

Two witnesses were permitted to testify, over the defendant's objection, that during the period of her illness Mrs. Atwood was not capable of doing business or making any contract or agreement. We think this evidence, under the circumstances of this case, was admissible as an opinion as to her general mental condition and the degree of her mental incapacity. If a question of this character called for a legal conclusion as to the capacity of one to make a particular will, or a deed, or a contract, it would be objectionable. This distinction is pointed out in *Hayes* v. *Candee*, 75 Conn. 131, 137, 52 Atl. 826, and the admissibility of questions of this character definitely determined in this case and in *Turner's Appeal*, 72 Conn. 305, 315, 44 Atl. 310.

Mrs. Atwood was asked: "How and when did you first discover that Frank G. Atwood claimed to have any interest in it (the property in dispute)?" She replied: "About three or four months ago when I had to pay taxes they sent on and I did not know what to make of it." This was objected to as immaterial.

We think it very material upon the question of her mental capacity at the execution of the deed, and whether she ever delivered the deed. It was undoubtedly admissible for other reasons, including the claim of fraud, which was at that time a part of the case.

Mrs. Atwood was further asked: "Did you give him any kind of a paper, a blank deed or any kind of a deed?" and the question and her answer, no, were objected to because immaterial, and by her deed and acknowledgment she was estopped.

This evidence was admissible on the ground of the former question, which we need not repeat.

Other rulings are unimportant in view of the finding of a want of capacity in Mrs. Atwood to make the deed. And the finding of a want of delivery would have controlled the decision apart from lack of mental capacity, since there is no ruling on evidence which could in any event disturb this finding.

There is no error.

In this opinion the other judges concurred.