STATE OF CONNECTICUT *v.* PHELPS C. JONES.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 5th—decided November 1st, 1938.

*Thomas J. Wall,* for the appellant (defendant).

*J. Howard Roberts,* Prosecuting Attorney, for the appellee (plaintiff).

AVERY, J. The accused was brought to trial on an information charging him, in a first count, with intoxication on December 13th, 1936, in the town of Winchester; and, in a second count, with operating a motor vehicle while under the influence of intoxicating liquor; and, in a separate part of the information, he was charged with so operating as a second offense. After the trial, the accused was found guilty of intoxication and of operating a motor vehicle while so intoxicated; and thereafter, after hearing, was found guilty of so operating as a second offense. From the judgment imposed by the court the accused has appealed.

In his appeal, the accused has assigned error in the action of the court in finding certain facts, as it is claimed, without evidence and in refusing to find other facts claimed to have been established by the accused; but as the evidence is not made part of the record we cannot consider any of the assignments of error addressed to the finding and must accept the same as made by the trial court. The accused has assigned as error that the subordinate facts found by the trial court do not support its conclusion of operating under the influence of liquor; this contention is not pursued in his brief, however, and we do not consider it. *State* v. *Boucher,* 119 Conn. 436, 437, 177 Atl. 383; *Heslin* v. *Malone,* 116 Conn. 471, 476, 165 Atl. 594.

The only assignments of error which are pursued in the brief relate to certain rulings upon evidence and the admissibility of the record of a former conviction. From the finding it appears that the accused on De-

cember 13th, 1936, at about 5 o'clock in the afternoon went to the restaurant in the Hotel Clifton at Winsted, remaining there until about ten minutes before seven. During that time he drank beer. At about quarter before seven he was requested by the proprietor of the hotel to drive George Barrett to his home in the latter's automobile, a distance of about three miles. At that time Barrett was intoxicated and unfit to drive. While driving toward Barrett's home between 7 and 7.15 in the evening a collision occurred between the car operated by the accused, proceeding northerly on North Main Street, with a car operated by Frederick Sigle in a southerly direction. John T. Dorsey of New Haven was riding with Sigle seated upon the front seat of the automobile. Just prior to the collision Sigle observed the Barrett car coming toward him and weaving from side to side. Immediately after the collision, Dorsey jumped out and went over to the Barrett car and found the defendant standing at the left front door which was opened. At that time Dorsey found that Jones was intoxicated. At the time of the collision a car was parked on the westerly side of the street in front of the house of Emil Carpenter, who immediately came out of his house, saw the accused standing near the car and testified that he considered the accused had been drinking. About seven or eight minutes later Sigle arrived at the Barrett car and found the accused intoxicated and that he smelled of liquor and was unsteady as he walked. About 7.35, police officers Heath and Lachat arrived at the scene and at that time the accused was intoxicated. Between 8 and 8.30, Dr. Donald C. Herman, a practicing physician, examined the accused, gave him certain tests and from these tests and from his examination found that the accused was under the influence of alcohol and that it would affect the way in which he would drive an automobile.

In the course of the trial, witnesses Sigle and Dorsey were asked whether they observed any change in the condition of the accused in regard to intoxicating liquor from the time they first saw him until he was examined by the doctor. Over the defendant's objection the witnesses were permitted to answer and testified in substance that the condition of the accused had changed for the better by that time. Dr. Herman was asked whether at the time he examined Jones the latter was so affected in his mental and physical processes as to be materially affected in the operation of a motor vehicle; and over objection answered that he was. Officer Heath, who testified that he had driven an automobile for eighteen years, was asked from his observation, whether the accused, when first seen by the officer by reason of his condition was fit to operate an automobile, and over objection answered that he was not. Error is assigned by the accused in these rulings. The condition of intoxication and its common accompaniments are a matter of general knowledge. *State* v. *Katz,* 122 Conn. 439, 442, 189 Atl. 606. "When . . . a subject is relevant to the matter in suit, and the lay witness has had the means and opportunity of acquiring knowledge of the subject through the use of his senses, and the impression or opinion is formed from constituent facts and conditions which are so numerous or so complicated as to be incapable of separation, or so evanescent in character they cannot be fully recollected or detailed, or described, or reproduced so as to give the trier the impression they gave the witness, or so as to enable the trier to draw a fair inference from such facts and conditions,—he may be permitted to testify to the impression or conclusion obtained by him from them, leaving it to the cross-examination to develop the foundation for the impression or conclusion." *Atwood* v. *Atwood,* 84 Conn. 169,

172, 79 Atl. 59; *Campbell* v. *New Haven,* 78 Conn. 394, 395, 62 Atl. 665; 4 Wigmore, Evidence (2d Ed.) § 1974. "[The question of intoxication] is not a matter of opinion, any more than questions of distance, size, color, weight, identity, age, and many other similar matters are." *Edwards* v. *Worcester,* 172 Mass. 104, 105, 51 N. E. 447; *Felska* v. *New York Central & H. R. Co.,* 152 N. Y. 339, 344, 46 N. E. 613; 22 C. J. 599; 68 A. L. R. 1364; 11 R. C. L. 608.

The questions propounded to the lay witnesses, Sigle and Dorsey, went no further than to ask whether from their observation the accused was intoxicated at different times and the extent to which he was intoxicated. Dr. Herman and Officer Heath, the former by reason of his medical training and the latter because of his long experience, were expert witnesses. The questions propounded to these witnesses very closely approximated the test to be applied to determine whether or not one is guilty of the crime of driving a motor vehicle while under the influence of intoxicating liquor. *State* v. *Andrews,* 108 Conn. 209, 216, 142 Atl. 840. They were not for that reason inadmissible. The answers to the questions did not require the witnesses to apply to the facts a legal principle or standard and so to state a legal conclusion. *Kelly* v. *Waterbury,* 96 Conn. 494, 500, 114 Atl. 530; *Lentine* v. *McAvoy,* 105 Conn. 528, 533, 136 Atl. 76. Nor were the witnesses, in order to answer the questions, required to weigh facts which were not related to their opinion as experts and so to draw a conclusion which the trier must ultimately determine upon the basis of the facts which he finds proven. *St. George Pulp & Paper Co.* v. *Southern N. E. Telephone Co.,* 91 Conn. 563, 570, 100 Atl. 358. The questions fall into the category of those allowed in *Hayes* v. *Candee,* 75 Conn. 131, 139, 52 Atl. 826, and *Atwood* v.

*Atwood*, 84 Conn. 169, 79 Atl. 59; while they might have been regarded as calling for the statement of a legal conclusion, they were allowed as expressing no more than the opinion of the witness formed from his observation as to the condition of the defendant due to the intoxicating liquor he had drunk.

After the accused had been tried and found guilty on the first two counts of the information, for the purpose of proving a second conviction the State offered in evidence a certified copy of a prior conviction of the accused on March 7th, 1935. The record showed that the accused was convicted in New Hartford of, "driving under the influence of liquor or drugs." The accused contends that as the charge in the former case was in the alternative, the records did not show whether the prior conviction was for driving under the influence of liquor or of drugs and was inadmissible to prove that the accused was a second offender. The accused relies upon the cases of *Grasso* v. *Frattolillo*, 111 Conn. 209, 211, 149 Atl. 838, and *Zenuk* v. *Johnson*, 114 Conn. 383, 388, 158 Atl. 910. The situation in each of those cases, however, was entirely different from that involved in the instant case. In those cases it was sought to introduce at the trial of a civil case for damages arising out of an automobile collision the record of a conviction in the criminal case arising out of the same set of circumstances, and we held that the records in those two cases having charged in the alternative different offenses, the pleas of guilty were not sufficiently distinct for the jury to be able to determine what particular negligent conduct the accused had admitted by his plea of guilty. General Statutes, § 1585, prohibits the operation of a motor vehicle by a person while under the influence of intoxicating liquor or of any drug and provides a more severe punishment for a second conviction. The gravamen of

the offense prohibited by this statute is operation of a vehicle while under the influence of either of these substances. A conviction of such operation creates a status. Whether the conviction was for operating while under the influence of liquor or of a drug, the status of a first offender against the statutes is established by the conviction. *State* v. *Miglin*, 101 Conn. 8, 10, 125 Atl. 250. Undoubtedly the accused at the former trial by appropriate motion could have compelled the State to specify whether it was claimed that he was under the influence of liquor or of drugs. Inasmuch, however, as a conviction of being under the influence of either of these substances would constitute a prior conviction and establish the status of the accused under § 1585, he could not, after conviction, object to the introduction of the record for the purpose of proving him a second offender against the statute.

There is no error.

In this opinion the other judges concurred.