STATE OF CONNECTICUT *v.* THOMAS N. McCRYSTAL, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 14-16607

Argued November 18, 1963—decided April 8, 1964

*Albert G. Murphy,* of Hartford, for the appellant (defendant).

*John J. Devine, Jr.,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J. The defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227 of the General Statutes and has appealed, assigning as the only errors certain rulings of the court in ref-

erence to the admission of evidence. There is no finding, nor is one required in appeals to the Appellate Division of the Circuit Court where the only errors claimed relate to rulings of the court in respect to the admission of evidence. Practice Book §§ 957, 1006 (4). The defendant followed the procedure specified by these rules.

In the first assignment of error, the defendant claims that the court erred when it permitted the arresting officer, in his testimony to the effect that he had observed the defendant performing sobriety tests given to him by the police doctor, to testify, after describing the finger-to-nose test: "He didn't do it very well; he didn't hit it very many times." On objection by the defendant, the court stated: "Still it gives us only a physical description of what went on. The jury will make their final determination as to why." The witness was testifying as to what he saw; he was not evaluating his observations. Nonexpert evidence may rest on facts acquired through the use of the witness' senses, as for example, a witness who has observed an ill person may testify that the latter was in a very bad condition. *Atwood* v. *Atwood,* 84 Conn. 169, 173. The condition of intoxication and its common accompaniments are a matter of general knowledge. *State* v. *Jones,* 124 Conn. 664, 667. We see no error in the admission of this testimony.

The remaining assignments of error attack the admission of testimony of the police doctor who examined the defendant at the police station. He was qualified as an expert witness and testified as to certain physical conditions of the defendant, namely, redness of eyes, dilated pupils and rapidity of pulse, "one of the causes [of which] is too much alcohol." The doctor having been duly qualified as an expert witness, this testimony was admissible;

the weight to be given to it was for the jury to determine.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.